UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| Renita Cannon ) | No. 06 B 10154 |
| ) | Judge Hollis |
| Debtor ) | |

NOTICE

TO: Renita Cannon, 22748 Ridgeway, Richton Park, IL 60471
   Marilyn O. Marshall, Trustee, 224 S. Michigan, 8th Floor, Chicago, IL 60604
   American Home Mortgage Servicing, Inc., as successor in interest to Option One, c/o Stewart Chapman of Pierce & Associates, 1 N. Dearborn, Ste. 1300, Chicago, IL 60602

   Please take notice that on the 11th day of May, 2009, at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before her Honor, Judge Hollis in Courtroom 644 in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois, or before any other Judge who may be presiding in her stead, and shall then and there present the motion of the undersigned challenging accuracy of response by American Home Mortgage Servicing, Inc. to notice of payment of final mortgage cure, at which time and place you may appear if you so desire.

/s/ Bennett A. Kahn
Attorney for Debtor

MELVIN J. KAPLAN
BENNETT A. KAHN
RAE KAPLAN
55 E. Jackson, Chicago, IL 60604
312/294-8989

STATE OF ILLINOIS)
COUNTY OF COOK  ) SS.
   I, the undersigned Attorney, certify that I served the above and foregoing notice upon the above-named respondent(s) either by fax as indicated or by depositing the same in the U.S. Mails, postage prepaid, on the 30th day of April, 2009, before the hour of 4:00 p.m. at 55 E. Jackson St., Chicago, IL.

/s/ Bennett A. Kahn
Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| Renita Cannon ) | No. 06 B 10154 |
| ) | Judge Hollis |
| Debtor ) | |

**DEBTOR'S MOTION CHALLENGING ACCURACY OF RESPONSE BY AMERICAN HOME MORTGAGE SERVICING, INC. TO NOTICE OF PAYMENT OF FINAL MORTGAGE CURE**

NOW COMES THE DEBTOR, Renita Cannon, by and through one of her attorneys, Bennett A. Kahn, and petitions the Court as follows:

1. Debtor's plan provides for the trustee to make both current mortgage payments and payments towards the pre-petition arrearages to American Home Mortgage Servicing, Inc., successor in interest to Option One, holder of a first mortgage against debtor's real estate located at 22748 Ridgeway in Richton Park, Illinois.

2. Debtor's plan, which was confirmed on October 16, 2006, provided for the curing of the pre-petition arrearage in the amount of $9,508.00.

3. Option One filed a Proof of Claim, a copy of which is attached hereto as Exhibit A, reflecting a pre-petition arrearage claim of $12,062.66, but did not object to the confirmation of debtor's plan.

4. The trustee paid the pre-petition arrearages as set forth in the plan rather than as set forth on the attached Proof of Claim

pursuant to paragraph E(5) of the debtor's plan.

5. In March of 2009 the trustee completed payments of the pre-petition arrearage as provided for in the plan at which time current mortgage payments being made by the trustee were also up to date. Debtor attaches Group Exhibit B, a printout from the trustee's website, reflecting the status of both the current mortgage payments and the payments of the pre-petition arrearages being paid by the trustee.

6. Pursuant to paragraph B(2)(b), the trustee served upon American Home Mortgage Servicing a notice that the pre-petition arrearages had been paid and that if the mortgagee believed that any post-petition obligations were still outstanding that the mortgagee would have to file a notice to that effect, the trustee's notice is attached hereto as Exhibit C.

7. American Home Mortgage Servicing did file a response to the notice of payment of final mortgage cure, a copy of which is attached hereto as Exhibit D.

8. However, instead of setting forth post-petition obligations that may have come due, the mortgagee has evidently set forth pre-petition obligations which were not provided for in debtor's plan.

9. The mortgagee cannot claim that pre-petition amounts that were not provided for in the plan are post-petition amounts due pursuant to paragraph B(2)(b).

WHEREFORE the debtor prays that this court make a determination that pursuant to paragraph B(2)(a) and (b) of debtor's plan that the mortgage loan due American Home Mortgage Servicing is reinstated according to its original terms, extinguishing any right of mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

Renita Cannon, Debtor

/s/ Bennett A. Kahn
One of Debtor's Attorneys

MELVIN J. KAPLAN
BENNETT A. KAHN
RAE KAPLAN
55 E. Jackson, Ste. 650
Chicago, IL  60604
312/294-8989
Atty. Reg. #1399446